UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

IN RE:

CASE NO. 08-07008-PMG

AGNES E. SOMMERFIELD,

Chapter 13

DEBTOR.

_____/

ORDER DENYING MOTION
FOR RELIEF FROM STAY AND GRANTING
MOTION FOR ADEQUATE PROTECTION

THIS MATTER came before the Court for hearing on March 4, 2009, upon the Motion of Alliance Laundry Systems, LLC ("Alliance") for Relief from Stay and upon consideration of the Court, it is:

**ORDERED:**

1. The Motion for Relief from Stay is denied.

2. Movant holds a valid lien encumbering the Laundromat facility and equipment in which the Debtor has an interest.

3. Movant is entitled to receive direct adequate protection payments to be disbursed by the Trustee in the amount of $1,415.34.

4. In accordance with the General Order of April 25, 1994, the Standing Chapter 13 Trustee shall pay to Movant the sum of $1,434.15 from each interim payment received from the Debtor.

5. Debtor shall be in compliance with the Order by timely making all interim Plan payments to the Trustee, except that a higher interim payment may be required if the Plan payment is not sufficient to provide for court-ordered adequate protection payments and payments to unsecured creditors as set forth in the Plan. In the event that a higher interim payment than that set forth in the Plan is required by the Trustee, the Trustee shall so indicate in the written response that she files to the Motion for Relief from Stay or for Adequate Protection.

6. Debtor shall be in default under this Order if she fails to make any interim Plan payments not excused by Court order and does not cure such default within seventy-two hours of telephonic notice of default.

7. An order lifting the stay may be entered without further hearing seventy-two hours after the Trustee or Movant files an affidavit of default, a copy of which must be served on Debtor's attorney. In the event that the affidavit of default is filed by Movant rather than Trustee, it must state with particularity that information that Debtor was not in compliance with this Order was provided by the Trustee's office on a date stated in the affidavit.

8. The Order shall be entered unless Debtor has responded with a counter-affidavit or unsworn declaration under penalty of perjury to the effect that the most recently due interim payment was actually made to the Trustee no later than seventy-two hours after its due date. No other form of response shall be entertained.

9. Any order lifting the stay pursuant to this Order following the filing of an affidavit of default by any party shall be set aside without hearing upon the filing by the Trustee of a statement that the Debtor was in fact, at all times in compliance with this Order and that the stay was lifted in error.

10. In the event that a plan is confirmed by this Court, all interim payments will be applied to confirmed plan payments.

DATED on March 19, 2009 in Jacksonville, Florida.

PAUL M. GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

Copies furnished to:

Agnes E. Sommerfield
1204 S. Central Ave.
Flagler Beach, FL 32135-3721

Edward P. Jackson, Esq.
Counsel for Debtor
255 N. Liberty Street, First Floor
Jacksonville, FL 32202

Douglas W. Neway, Trustee
POB 4308
Jacksonville, FL 32201